## HORST v. GASTON. (1 Div. 471.)

Supreme Court of Alabama. March 22, 1928.

Trusts ⏄210—Liability because of trustee signing buyer's acceptance of offer of sale, overlooking its provision for commission to buyer, held on trustee personally.

Where negotiations between G. and the trustee of an estate were for sale to G., personally, of land belonging to the estate, and the tentative agreement reported to, and approved by, the court having the estate in charge, was for such a sale for the stipulated price, without anything being said as to commissions, any liability for so-called commissions—because the trustee, in signing an acceptance of G.'s offer, prepared by G., inadvertently or negligently overlooked the fact that it varied from the preceding offer by concluding: "We agree to pay you a cash commission of 5 per cent. of price obtained"—is not one of the estate, but of the trustee personally.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Petition in equity by L. C. Gaston against Henry A. Horst, as trustee of the estate of the Leinkauf Banking Company. From the decree, the trustee appeals. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, for appellant.

The appellee was not a broker or agent to sell, but was himself the buyer on his own behalf as principal. He could not recover a commission on the theory that he was acting

as agent for himself. Neal v. Adkins (Tex. Civ. App.) 145 S. W. 264; Pitzer v. Pittman (Tex. Civ. App.) 253 S. W. 306; Rich v. Black, 173 Pa. 92, 33 A. 880; Hummel v. City Nat. Bank, 146 Ky. 764, 143 S. W. 374; Colbert v. Shepherd, 89 Va. 401, 16 S. E. 246; Story on Agency, § 211; Porter v. Woodruff, 36 N. J. Eq. 179; Jansen v. Williams, 36 Neb. 869, 55 N. W. 279, 20 L. R. A. 207; Ruckman v. Bergholz, 37 N. J. Law, 437; Stevens v. Bailey, 149 Ala. 256, 42 So. 740; 4 R. C. L. 242. If there is any liability on the part of Horst for not presenting the proposition containing the provision for a commission, it was a purely personal liability, which cannot be enforced against the trust estate. Dantzler v. McInnis, 151 Ala. 293, 44 So. 193, 13 L. R. A. (N. S.) 297, 125 Am. St. Rep. 28; Code 1923, § 10422; Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am. St. Rep. 26.

Smiths, Young & Johnston, of Mobile, for appellee.

Brief did not reach the Reporter.

SAYRE, J. Appellee filed his petition against appellant as trustee of the estate of the Leinkauf Banking Company, averring that defendant had employed him to sell certain described lands, and had agreed to pay to him a commission of 5 per cent. on the purchase price to be realized, that he had made a sale of the property, and praying that appellant trustee be ordered to pay the said commission out of the trust fund in his hands.

It is entirely clear upon the evidence that the negotiation between the parties looked to a sale of the land by appellant to appellee at a certain price. No agency on the part of appellee was contemplated or involved. It can hardly be supposed that appellant expected to pay appellee a commission on a sale by the former to the latter—no agency, no commission. Nor does the evidence, apart from the writing to be noticed, admit the inference of such an expectation. It was distinctly understood throughout the transaction that appellee was negotiating for a sale of the land to himself, and so the tentative agreement was reported to the equity court having the trust estate in charge, and was approved by the court as a sale by the trustee to appellee at and for the stipulated price, nothing being said as to commissions.

However, in purported confirmation of a verbal agreement between the parties, appellee had submitted to appellant as trustee an offer to buy the land at a specified price, nothing being said about a commission. At a later hour of the same day appellee transmitted to appellant a paper writing to be signed by the latter accepting the offer at the price named. Appellant signed this paper writing, but denies that he observed the concluding line, which was in these words: "We agree to pay you a cash commission of 5 per cent. of price obtained." He testifies that he supposed the acceptance signed was merely an acceptance of the written offer which last was in agreement with the precedent verbal agreement, and overlooked the provision for payment of a commission.

As we have said, there was no question of agency. The agreement for the payment of a commission, if such agreement be found to have been executed by reason of appellant's signing the acceptance sent to him by mail after the offer had been delivered in person, was in effect nothing more than an abatement of the purchase price to that extent. But the purchase price agreed upon —without abatement—was reported to the court, upon that basis the transaction was confirmed by the court, and a conveyance ordered and executed accordingly, appellee being informed by appellant that he might have it so or leave it. Afterwards, this proceeding was commenced. The evidence points to the truth of appellant's version of the facts—there is, indeed, nothing to the contrary. If in these circumstances the trust estate is to be charged with the amount of the so-called commission, it is to be charged, not on account of any merit in appellee's claim as against it, but because appellant in signing his acceptance of the offer was guilty of inadvertence or negligence. This, we think, cannot be made the permissible basis of an allowance out of the trust estate. The issue as to whether such commission should be paid is a personal matter between appellant and appellee in which the estate is not interested.

Accordingly, the decree allowing payment out of the trust estate is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.